KRISTIN K. MAYES
ATTORNEY GENERAL

NANCY J. DAVIS (017197)
Assistant Attorneys General
416 W. Congress, 2nd Floor
Tucson, AZ 85701-1315
(520) 638-2800 • Fax (520) 628-6050
nancy.davis@azag.gov

*Attorneys for Defendants Ryan and Shinn*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Timothy Paul Olmos,<br><br>Plaintiff,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>Defendants. | No. CV 17-03665-PHX-GMS<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S BILL OF COSTS** |

Defendants Ryan and Shinn, pursuant to LRCiv 54.1(b), object to Plaintiff Olmos's Bill of Costs and supporting documents (doc. 373-376) as set forth below, and respectfully request that it be denied in full based on 1) Plaintiff's failure to properly and fully comply with LR 54.1(a), and 2) because Plaintiff seeks the taxation of sums that are not allowable as costs by law. Defendants' Objection is supported by the attached Exhibit 1, Declaration of Christine White, and Exhibits A-C thereto, and the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Factual Summary

Plaintiff's First Amended Complaint ("FAC") was filed in April of 2018, alleging eight causes of action. (Doc. 18.) In its Screening Order, the Court dismissed five of the counts, leaving Counts Two and Eight. (Doc. 21 at 13.) Following discovery and

disclosure, the Court later granted summary judgment in favor of Defendants on Count Eight. (Doc. 331.) It also granted summary judgment in favor of Plaintiff on Count Two and awarded him $13.38 in damages. (*Id.*) Judgment was then entered in favor of both parties. (Doc. 332.)

Now, following an appeal to the Ninth Circuit, Plaintiff seeks to secure costs against the Defendants in the amount of $1,235.25, based on the $13.38 judgment. His Bill of Costs lists a clerk fee of $69.82, copying fees of $461.71, and "other" costs in the amount of $703.72. (Doc. 373.)

In his accompanying Memorandum, Plaintiff states that the "other" category of costs includes interest in the amount of $10.54 per month for a period of 40 months. (Doc. 375 at 1.) His Memorandum further requests the costs be paid in two sums, with $1,124.21 to be sent to Plaintiff's power of attorney and the sum of $111.04 be sent to Plaintiff's inmate trust account. (Doc. 375 at 1.)

**II. Plaintiff's Bill of Costs does not comply with LR 54.1.**

In a federal civil action, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Rule 54(d), Fed. R. Civ. P.; LRCiv 54.1(d). "The following may be taxed as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. 28 U.S.C. § 1920. Further, LRCiv 54.1(a) requires that a "bill of costs shall include a memorandum of the costs and necessary disbursements, **so itemized that the nature of each can be readily**

**understood, and, where available, documentation of requested costs in all categories must be attached**." LR 54.1(a) (emphasis added.)

Even though both parties in this case prevailed on one issue at summary judgment, Plaintiff may still be entitled to costs. In order to recover costs, however, Plaintiff bears the burden of proof to establish that each item of costs set forth in his Bill of Costs is properly taxable under the law. *La Loma Grande LLC v. United States*, CV-11-00476-TUC-RM, 2017 WL 6061610, at *3 (D. Ariz. Mar. 7, 2017), *aff'd,* 742 Fed. Appx. 288 (9th Cir. 2018) (internal citations omitted). Indeed, "[t]he Court may reduce costs due to inadequate documentation, and it has discretion to award partial costs or to deny costs altogether." *Id. (*citing to *Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 998 (N.D. Cal. 2009))."

Here, Plaintiff's Bill of Costs includes amounts that are factually incorrect, are not properly supported or readily understood, and includes amounts that are not authorized or allowable by law. This includes filing fees not attributable to this lawsuit or filing fees written off and refunded to him by the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR") and/or Clerk of Court, improper copying fees, and an improper request for interest, as more fully set forth in the following subsections. Thus, his request for costs should be denied.

**a. Plaintiff's Fees of the Clerk is not properly supported and is incorrect.**

Plaintiff's Bill of Costs (doc. 373) includes an amount of $69.82 for Fees of the Clerk. Plaintiff, however, does not properly support or explain this amount. As demonstrated by the Declaration of Christine White (Exhibit 1 attached), and the exhibits attached thereto (Exhibits A-C to Exhibit 1), the ADCRR only took $4.00 from Plaintiff's inmate account on October 18, 2022, ***for this lawsuit*** and later refunded that $4.00 back to his account on October 24, 2022, after the Court issued an Order waiving his fees.

(*See* Exhibit 1 attached, Exhibit A thereto at p. 1, and Exhibit B at pp.1-2.)[1] On that same date, ADCRR indicated a "write off" of the total filing fee of $280.18, based on the Court's Order. (*Id.*) Therefore, Plaintiff is not entitled to the sum of $69.82 listed as "Fees of the Clerk."

**b. Plaintiff's "Other" amount improperly includes interest.**

Plaintiff's Memorandum (doc. 376) in support of his Bill of Costs (doc. 373) indicates he has calculated and included interest on his costs in the amount of $421.60 (arrived at by subtracting $1,124.21 from $702.6). (Doc. 376 at 1, ¶ 1.) But interest on costs are not a taxable cost under Rule 54, Fed. R. Civ. P. Nor are they taxable under 28 U.S.C. § 1920. *See* LR 54.1; 28 U.S.C. § 1920. Plaintiff's reference to Arizona's interest statute has no application to his Bill of Costs. (*See* Section III, *supra.*) Thus, Plaintiff's inclusion of $421.60 in interest is improper and must also be reduced from the total amount.

**c. Plaintiff's Request for Fees for Exemplification and Copies is not proper.**

LRCiv 54.1(e)(5) provides that "the reasonable cost of copies of papers ***necessarily obtained from third-party records custodians*** is taxable." LRCiv 54.1(e)(5). It also provides for the recovery of "the reasonable cost of documentary exhibits admitted into evidence at hearing or trial. . . ." *Id.* But "[t]he cost of copies submitted in lieu of originals because of the convenience of offering counsel or client ***are not taxable***." *Id.* (emphasis added). The rule further provides that "[a]ll other copy costs are not taxable except by prior order of the Court." *Id.* Thus, this is sufficient authority to deny Plaintiff copying costs.

---

[1] Pages 3-4 of Exhibit B to Ms. White's Declaration show an unpaid filing fee of $505.00 for a separate lawsuit in federal Case No. 22-16804. (Exhibit B to White Declaration at pp.3-4.)

Moreover, neither Plaintiff's Bill of Costs nor his accompanying Memorandum are sufficient to support an award of copying costs. *See e.g. Alzate v. Creative Man Painting LLC*, CV-13-02129-PHX-BSB, 2015 WL 789727, at *9 (D. Ariz. Feb. 25, 2015) (denying copying costs because plaintiffs did "not specifically describe the nature of the copies requested and, despite Defendants' objection to these costs as undocumented, have not provided any evidence to support the copying costs."). Plaintiff has filed multiple lawsuits while incarcerated at the ADCRR. The ADCRR inmate summary does not show which cases the copies were for, nor does it indicate which cases any charges for legal supplies were for. (*See* Exhibit C to Christine White Declaration.) Plaintiff's failure to properly identify and support such copying costs for use in this case as opposed to other lawsuits, requires this Court to reject those amounts. (*Id.*)

**III. Plaintiff relies on rules and statutes that do not apply.**

Plaintiff's Memorandum (doc. 375) also cites several state-law statutes and local federal court rules that do not apply to his case or his bill of costs. For example, A.R.S. § 12-341 pertains to an award of costs in state-court civil actions. It has no application here. Likewise, A.R.S. § 44-1201 applies to the computation of interest under state law. It has no application to this federal civil rights case. Plaintiff's claims were filed in federal court under the authority of 42 U.S.C. § 1983. The only claim that Plaintiff prevailed on was a single federal-law claim. The Defendants prevailed on the other claim; the Court dismissed his five other claims in its Screening Order. (Doc. 273.) Thus, neither A.R.S. §§ 12-341 or 44-1201 are applicable to his bill of costs. Accordingly, Plaintiff's argument under these state-law statutes lacks merit.

Similarly, LRCiv 54.2 does not apply. "This Local Rule applies to claims for attorneys' fees and related non-taxable expenses made in cases assigned to the Standard Track or Complex Track of the local rule governing Differentiated Case Management." Plaintiff's pro se inmate action is not that type of case.

**IV. There is no Court lacks the authority to apportion the payment of costs**.

Finally, Plaintiff's Memorandum demands that any costs awarded to him be apportioned between his power of attorney and his inmate trust account. (Doc. 376.) The Clerk of Court has no authority to enter such an order, nor is there any basis for the Court to do so.

## CONCLUSION

Because Plaintiff's Bill of Costs does not comply with LRCiv. 54.1 and seeks the taxation of amounts not properly recoverable as costs, Defendants respectfully request that Plaintiff's request for costs be denied.

RESPECTFULLY SUBMITTED this 18th day of February, 2026.

KRISTIN K. MAYES
ATTORNEY GENERAL

s/ Nancy J. Davis
NANCY J. DAVIS
Assistant Attorneys General
Attorneys for Defendants Ryan and Shinn

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2026, I electronically filed the foregoing Document with the United States District Court using the CM/ECF System for filing.

On the same date I served the foregoing document by First Class mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

Timothy Paul Olmos, #196384
ASPC-Kingman, Huachuca Unit
P.O. Box 6639
Kingman, AZ 86402
*Plaintiff Pro Se*

s/ ec