WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Timothy Paul Olmos,
Plaintiff,
v.
Ryan Thornell,
Defendant.

No. CV-17-03665-PHX-GMS

**ORDER**

Pending before the Court are: (1) Plaintiff's Motion for Leave to Waive the Formal Requirements of Filing a Bill of Costs (Doc. 372) and Plaintiff's Motion to Enforce Judgment (Doc. 379). For the reasons set forth below both Motions are denied, even in light of Plaintiff's letter request (Doc. 384-1) and Plaintiff's request for costs now being denied, the Defendant may pay Plaintiff's judgment.

## BACKGROUND

### A. Plaintiff's Bill of Costs (373) and Motion to Waive the Requirements (Doc. 372) are Denied.

On January 2, 2026, the Ninth Circuit issued its mandate in this case. (Doc. 369) While otherwise affirming this Court's judgments, the Ninth Circuit reversed and remanded this Court's determination not to extend the time in which Mr. Olmos could file a Bill of Costs. (Doc. 369). On January 5, 2026, the Court ordered Plaintiff to file his Bill of Costs within thirty days of that Order. On February 5, Mr. Olmos filed leave to waive

the formal requirements of filing a Bill of Costs (Doc. 372). The Defendant objected to both his Bill of Costs (377) and his request to waive the requirements of the Bill of Costs. (378).

In his Bill of Costs, Plaintiff requests the award of (1) $69.82 cents under the category of "fees from the clerk," (2) $461.71 as "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case," and (3) $703.72 cents in "other costs" for a total of $1,235.25. In his errata, (Doc 376) at 14, Mr. Olmos apparently seeks to update his bill of costs by seeking an additional $252.61 for postage and $31.57 for legal/office supplies.

Those costs which are deemed taxable costs are set forth in 28 U.S.C. § 1920, and in the Local Rules, LRCiv. 54.1(e). Mr. Olmos is correct that taxable costs are generally awarded when appropriately explained and documented on a bill of costs. Local Rule 54.1(a) requires the bill of costs to "include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and where available, documentation of requested costs in all categories must be attached." LRCiv. 54.1(a). The Bill of Costs form further instructs those submitting such bills to attach an itemization and documentation for requested costs in all categories. Plaintiff bears the burden of proof to establish that each item of costs set forth in his Bill of Costs is properly taxable under the law. *La Loma Grande LLC v. United States,* CV-11-00476-TUC-RM, 2017 WL 6061610, at *3 (D. Ariz. Mar. 7, 2017), *aff'd,* 742 Fed. Appx. 288 (9th Cir. 2018) (internal citations omitted.)[1]

This, Mr. Olmos fails to do. Rather, he files an affidavit in which he affirms that all amounts he seeks to recover were incurred in this lawsuit, and he also refers the Court to a copy of his prison trust account which shows deposits and withdrawals from that account over a considerable period. This is insufficient to establish the costs for several reasons.

---

[1] Non-taxable costs related to attorneys' fees can be awarded per the rule when a proper motion for such costs is made that sets forth the authority that authorizes such an award. Fed. R. Civ. P. 54(d)(2).

First, Mr. Olmos, as he acknowledges, was prosecuting several different suits from prison at the same time he was pursuing this lawsuit. (Doc. 376 at 13). That a listed category in the trust account has debits for "legal postage", "legal copies," or "legal supplies," does nothing to either break down or prorate these expenses among the various cases in which he incurred legal expenses, let alone establish them as taxable costs. Nowhere, through his own reconciliation or through actual receipts does Mr. Olmos explain how he arrived at the amount he seeks to recover as costs in this case in the various categories.

Second, it appears that he seeks to recover in this case for the cost of obtaining case law, court rules, and Arizona statutory law," (Doc. 376 at 10), not only for this case but apparently for other cases he has undertaken that proved useful in this case. (Though, to be sure, Mr. Olmos avers that in his billing judgment he is not billing for material he obtained from other inmates through barter, or for the expenses he incurred in bringing another similar claim in another lawsuit.) (*Id.* at 9). While it is conceivable that the Court might authorize some of these expenses as copying costs if it knew what they were, it doesn't – and Mr. Olmos has provided no clarification on the point.

Third, Mr. Olmos seeks the award of expenses as costs--such as interest, postage and office supplies--that are not taxable and that are not justified.

Fourth, to the extent Mr. Olmos relies on state statute and state cases interpreting state statute in his request for a cost awards, state law does not govern the award of costs in federal court.

**1. Fees from the clerk**

Mr. Olmos provides no documentation or sufficient explanation as to what makes up the $69.82 he seeks to have reimbursed as clerk fees. Further, the Defendants establish that while he was initially assessed a fee of $4.00 from his account for this lawsuit, that amount was refunded after the Court issued an order waiving his fees. On that same date, October 24, 2022, the Arizona Department of Corrections wrote off the balance of the filing fee, and Plaintiff does not otherwise indicate how he paid $69.82 to the Clerk in this case.

**2. Copies Necessarily Obtained for Use in this Case**.

Mr. Olmos offers no explanation or itemization as to how he arrived at this amount. Not all copies are taxable costs. LRCiv. 54.1(c)(5) specifies that "[t]he reasonable cost of copies of papers necessarily obtained from third-party records custodians is taxable," as are copies of documentary exhibits admitted as evidence at hearing or trial. Mr. Olmos has not established how he accrued $461.71 in such expenses. For the reasons listed above a simple and generalized reference to his prison trust account is insufficient.

**3. Interest**

Mr. Olmos requests an award of interest on his costs which is not a taxable expense, for which he provides no sufficient legal justification, and for which he seems to provide an inaccurate and unsupported calculation. Interest is not awarded as a cost.

**4. Postage and Office Supplies**

Postage and office supplies are not taxable costs. To the extent the aspect of *Bounds v. Smith,* 430 U.S. 817, 824 (1977) pertaining to the cost of legal postage and office supplies remains current or survived that case's abrogation by *Lewis v. Casey,* 518 U.S. 343 (1996), it arises from a prisoner's right to access the Courts. Nevertheless, the costs of postage and office supplies are not otherwise taxable costs. Nor, in any event, does Mr. Olmos provide accounting as to how he arrives at the figures he seeks to recover as costs. They are not awarded.

In short, Mr. Olmos has not established that he is entitled to recover any costs sought in his Bill of Costs. (Doc. 373) Therefore, no costs are awarded, and his motion to waive compliance with the statutes and rules as they pertain to bills of costs (Doc. 372) is denied.

**B. Plaintiff's Motion to Enforce Judgment (Doc. 379)**

Defendants are correct that Fed. R. Civ. P. 70 is not an appropriate rule on which to seek to enforce judgment. It also appears that Plaintiff had earlier requested that Defendant not award him his judgment until costs were calculated. Nevertheless, now that costs have been calculated, it appears that there is no reason for Defendant to delay payment to Plaintiff of the amounts he is due by the judgment on Count Two in his favor.

**IT IS THEREFORE ORDERED**:

1. Denying Plaintiff's Motion for Leave to Waive (Doc. 372)
2. Denying the award of costs to Plaintiff sought in his Bill of Costs (Doc. 373)
3. Denying the Plaintiff's Motion to Enforce Judgment, (Doc. 379) but ordering the State to pay the Plaintiff the judgment he is due—Thirteen Dollars and thirty-eight cents ($13.38)-- on Count Two of Plaintiff's First Amended Complaint.

Dated this 25th day of March, 2026.

G. Murray Snow
Senior United States District Judge